IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERALD STONE, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:09-CV-1862-N |
| | § | (3:04-CR-318-N(02)) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255.

Parties: Movant Gerald Stone ("Stone") has served the confinement portion of his sentence and is presently under supervised release. He is represented by retained counsel. The court issued process in this case.[1]

Statement of the Case: Stone pleaded guilty pursuant to a written plea agreement to two counts (of a 36-count indictment) -- (i) conspiracy to commit theft from an organization receiving federal assistance, in violation of 18 U.S.C. § 371 [18 U.S.C. §§ 866, 1012, and 1957], and (ii) tax evasion by knowingly filing a fraudulent tax return in violation of 26 U.S.C. § 7201.

---

[1] An individual serving the supervised release term of his sentence is "in custody" for purposes of habeas corpus jurisdiction under 28 U.S.C. § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 454 n. 5 (5th Cir.2000) ("Usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction.").

*See United States v. Stone*, No. 3:04-CR-318-H(02) (N.D. Tex., Dallas Div.) (Sanders, J.). On February 1, 2007, the district court sentenced him to twenty-four months imprisonment on each count, to run concurrently, and a three-year term of supervised release. *Id.* The court also imposed restitution in the amount of $672,221.00 to the Department of Housing and Urban Development (HUD) to be paid jointly and severally with co-defendant and wife Barbara Hildenbrand. *Id.*, Am. Judgm. The United States Court of Appeals for the Fifth Circuit affirmed Movant's conviction, and the U.S. Supreme Court denied his petition for writ of certiorari. *See United States v. Hildenbrand, et al.*, 527 F.3d 466 (5th Cir.), *cert. denied*, 129 S. Ct. 437 (2008).

On October 1, 2009, Stone timely filed this § 2255 motion, challenging his conviction and sentence, and requesting an evidentiary hearing. In four grounds, he alleges (1) the district court lacked subject matter jurisdiction over his crimes, (2) counsel rendered ineffective assistance, (3) the restitution order was improper, and (4) his tax conviction should be vacated.

In response to the court's order to show cause, the government filed a response, to which Movant filed a reply.[2]

<u>Findings and Conclusions</u>: Following conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Under 28 U.S.C. § 2255, a defendant can collaterally challenge his/her conviction

---

[2] During the guilty plea proceedings, Stone was represented by James Rolfe. In January 2006, about six months after entry of the plea, John Nation entered an appearance as co-counsel for Stone, and Andrea Nation entered an appearance as co-counsel for co-defendant Hildenbrand. All three attorneys were present during sentencing on February 1, 2007. Andrea and John Nation continued to represent Hildebrand and Stone on direct appeal. In the present case, Stone is represented by John Nation, who also represented Hildenbrand in her § 2255 case.

only on constitutional or jurisdictional grounds.

I.

In the first ground, Stone alleges his conviction for conspiracy to steal from an organization receiving federal funds is void because the trial court lacked subject matter jurisdiction. The court addressed and denied a similar jurisdictional challenge with respect to co-defendant Hildenbrand's § 2255 motion, which challenged her convictions for defrauding HUD in violation of 18 U.S.C. §§ 1012 and 2. *See Hildenbrand v. United States*, 2009 WL 3199486 (N.D. Tex. Oct 02, 2009) (Godbey, J.). A petition for certificate of appealability is presently pending before the Fifth Circuit. *See Hildenbrand v. United States*, No. 09-11091.

A voluntary and knowing plea of guilty waives all non-jurisdictional defects – including errors in charging procedure. *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008). However, entry of a guilty plea does not waive jurisdictional defects.

Stone premises his jurisdictional challenge on the lack of "federal appropriation or funding" for the program he allegedly violated, or the receipt of any tax dollars by Community Housing Fund (CHF), the nonprofit organization that purchased homes at a discount from HUD, and for which Stone performed the majority of repair and warranty work through Ranscott Construction, Inc. (RCI).

This is not the first time that Stone challenges his conviction, and for that matter his underlying guilty plea, on jurisdictional grounds. Stone initially challenged the court's jurisdiction in his objections to the Presentence Report (PSR), and in his Supplemental Response to the Addendum to the PSR (*See* Doc. # 131, Addendum at ¶ I, and Suppl. Response to Addendum at ¶¶ 3-10). The sentencing judge overruled the objections to the PSR, concluding the factual resume satisfied each element of the charged offense. (Sent. Tr. at 6.)

3

On direct appeal, the Fifth Circuit rejected Stone's renewed argument that there was an insufficient factual basis for his guilty plea, specifically, that the Single Family Affordable Housing Program (SFAHP) was not a federal program receiving federal assistance. *See United States v. Hildenbrand*, 527 F.3d 466, 476-78 (5th Cir. 2008). The Court concluded that CHF "received advantages as a result of satisfying the standards for participating in the SFAHP, which is part of a federal statutory scheme to promote public policy objectives." *Id.* at 478. As a result of receiving those advantages, "CHF as well as the renters and buyers of the homes bought and rehabilitated through the program [were] both beneficiaries of the federal program." *Id.* The Fifth Circuit reached a similar conclusion with respect to co-defendant Hildenbrand's guilty plea conviction for defrauding HUD. *Id.* at 475-76.

Shortly after affirmance of their convictions, Stone and co-defendant Hildebrand filed a joint, *pro se* motion to dismiss counts 1-33 of the indictment, challenging the subject matter jurisdiction of the convicting court. (*See* Doc. # 185). Specifically, they argued that the indictment did not allege the essential elements of "federal funding" and receipt of "federal funds." (*Id.*) In denying the motion, the District Court concluded that it would not consider a "direct challenge to the plea agreement[s] and the convictions and the sentence[s] in this case after they have been affirmed on appeal . . . ." (Tr. of Nov. 18, 2008 Status Hearing (Doc. #189) at 11) (Godeby, J.). The court also stated:

> The plea agreement is what it is and it was affirmed on appeal. And post appeal motions in this proceeding I don't think are an appropriate vehicle to challenge it.

(*Id.* at 11-12). On May 3, 2010, the Fifth Circuit affirmed the denial of the Stone and Hildenbrand's post-judgment motion, concluding the jurisdictional arguments are "the same as ones that [Stone and Hildenbrand] had raised and this court had rejected in the prior appeal, and

4

are thus barred by the law-of-the-case doctrine." *See United States v. Hildenbrand*, et al., 2010 WL 1752027, at 1 (5th Cir. 2010) (unpublished per curiam).

In this § 2255 motion, Stone focuses anew on the alleged lack of "federal appropriation or funding" for the SFAHP, or the Single Family Property Disposition Program, he allegedly violated. (*See* § 2255 Mot. at 13.) He argues that Congress did not appropriate funds for the purchase of HUD REO properties in 1999-2000. (*Id.* at 16-17.) Even assuming a Congressional appropriation, Stone asserts "no tax dollars were ever given to CHF." (*Id.* at 17-19.) According to Stone, "[i]t does not matter if a discount constitutes a 'benefit' [as concluded by the Fifth Circuit on direct appeal] if there was no federal appropriation in the first place." (*Id.* at 20.)

Stone's jurisdictional challenge is nothing more than an attempt to revisit issues which the Fifth Circuit addressed and rejected on direct appeal with respect to the factual basis of his plea. As summarized above, the Fifth Circuit concluded that the SFAHP was a federal program involving federal assistance. By meeting the requirements of the SFAHP, CHF received an advantage, thereby benefitting itself and the renters/buyers of the home purchased and rehabilitated through the program. Nothing in this § 2255 motion persuades the undersigned that the district court lacked subject matter jurisdiction over his offense under 18 U.S.C. §§ 371 and 666. Accordingly, Stone jurisdictional claim lacks merit and his first ground should be denied.[3]

II.

Next Stone challenges the $672,221 court ordered restitution to HUD. He argues the trial court violated his "due process rights by changing the victim of the offense [from CHF to HUD] and imposing restitution for an entity that was not a victim of any of the counts of conviction, or

---

[3] To the extent, Stone is dissatisfied with the plea agreement, his claim is of no moment here. The Fifth Circuit affirmed the factual basis for his guilty plea on direct appeal.

even any of the counts charged in the indictment." (*See* § 2255 Mot. at 37-38 – third ground.) Stone also argues counsel rendered ineffective assistance at sentencing when he failed to object to the restitution for taxes that had been paid (which was subsequently vacated with entry of the amended judgment), and to the change in victim from CHF to HUD, which he claims increased the restitution amount. (*See* § 2255 Mot. at 32 – second ground.)

      A federal prisoner cannot challenge a restitution order on constitutional grounds under § 2255. It is well established that complaints concerning restitution should be raised on direct appeal and not for the first time in a § 2255. *See United States v. Hatten,* 167 F.3d 884, 887 (5th Cir. 1999); *see also Campbell v. United States*, 330 Fed. Appx. 482, 483 (5th Cir. 2009) (unpublished per curiam). The Fifth Circuit Court of Appeals is consistent with other circuit courts in holding that § 2255 may not be utilized to attack fines and orders of restitution because in such cases the person is not "claiming the right to release" from custody. *See Hatten,* 167 F.3d at 887; *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996); *United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994); *see also United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003); *Kamiski v. United States*, 339 F.3d 84, 87-89 (2nd Cir. 2003); *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002); *Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir. 1998); *Barnickel v. United States*, 113 F.3d 704, 705-706 (7th Cir. 1997); *Smullen v. United States*, 94 F.3d 20, 25-26 (1st Cir. 1996); *United States v. Watroba,* 56 F.3d 28, 29 (6th Cir. 1995). The presence of a cognizable claim does not render a non-cognizable claim seeking to challenge a restitution order amenable to review in a § 2255 case. *See Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009) (*citing United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002)).

      The same applies to Stone's claims of ineffective assistance of counsel based upon

restitution imposed at sentencing. *See Segler,* 37 F.3d at 1137 (holding that person in custody cannot bring an ineffective assistance claim in a § 2255 motion challenging a fine because that person is not "claiming the right to release" from custody); *see also Paris v. United States*, 2009 WL 3199512, at 5 (N.D. Tex. 2009) (Godbey, J.) (ineffective assistance claims based on restitution are not cognizable in a § 2255 motion).[4]

Accordingly, Stone's claims with respect to the restitution order, including his claim of ineffective assistance of counsel at sentencing, are not cognizable in this § 2255 case and should be denied.

III.

In his fourth ground, Stone alleges his conviction for the offense of attempt to evade taxes must be vacated. He claims the government did not prove that he intentionally failed to report $459,427.73 in income on his 2000 U.S. Individual Tax Return, although he specifically conceded that fact in his factual resume. (*See* Factual Resume at 14). Stone's arguments in support of his § 2255 motion are conclusory at best. Relying on the "accrual accounting method," he claims generally that the money was not "earned in 2000," but in 1999 when the rehabilitation work on the program houses was completed. (§ 2255 Mot. at 39.) He further claims that the government did not prove willfulness and that his conviction should be vacated because he ultimately paid the taxes owed in 2002 and 2003, and the trial court vacated the

---

[4] In his reply, Movant asserts the restitution portion of his sentence is illegal and may be corrected at any time under Fed. R. Crim. P. 35(a), as it was in effect prior to November 1, 1987, long before Movant was even charged in this case. He also asserts the government breached the plea agreement when it changed the victim from CHF to HUD. In support of the latter he relies on direct appeal cases, *United States v. Abu-Shawish*, 507 F.3d 550, 555 (7th Cir. 2007), and *Hughey v. United States*, 495 U.S. 411 (1990), to argue that HUD could not be the victim. These arguments are disingenuous and need not be addressed further.

7

$263,516 in restitution payable to the Internal Revenue Service (IRS).  (*Id.* at 40.)

On direct appeal, relying on the sworn admissions stipulated in the factual resume, the Fifth Circuit found a sufficient factual basis for Stone's guilty plea to tax evasion.  Stone's arguments in this § 2255 motion are nothing more than an attempt to revisit issues that the Fifth Circuit addressed and rejected on direct appeal with respect to the factual basis of his plea.  Accordingly, the fourth ground lacks merit and should be denied.

IV.

Lastly, Movant contends counsel rendered ineffective assistance in connection with the decision to plead guilty and the plea itself.[5]  (*See* § 2255 Mot. – second ground.)

Although a guilty plea ordinarily waives all nonjurisdictional defects, including ineffective assistance claims, Stone may raise ineffective assistance claim to the extent that it affected the voluntariness of his plea.  *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.1983) ("once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.")).  To establish ineffective assistance of counsel, Stone must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 57-59, 106 S.Ct. 366 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct.

---

[5] While the plea agreement waived the right to file a § 2255 motion, Stone reserved the right "to bring a claim of ineffective assistance of counsel." (Plea Agreement, Doc. #38, at ¶ 11).

2052 (1984); *Cavitt*, 550 F.3d at 441; *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996).  A court need not address both components of this inquiry if the defendant makes an insufficient showing on one.  *Strickland*, 466 U.S. at 697.

Stone guilty plea was knowing and voluntary.  At his re-arraignment, Stone confirmed under oath the accuracy of the factual resume which he had previously signed.  (*See* Re-arraignment Tr. (Doc. #139) at 19).  In pertinent part the factual resume stated that Stone and Hildenbrand knowingly conspired to embezzle, steal or obtain by fraud and intentionally missapply property in excess of $5,000 owned by a federal organization.  (*See* Factual Resume (Doc. # 37) at 3).  Stone also testified during re-arraignment that he had reviewed the plea agreement, understood the consequences of his plea, and voluntarily entered into the plea agreement.  (Re-arraignment Tr. at 12-15.)

"Ordinarily a defendant will not be heard to refute his testimony given under oath." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).  "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'  *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621 (1977)." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

The instances of ineffective assistance of counsel asserted in the § 2255 motion are in direct contradiction to the facts which Stone admitted under oath at his re-arraignment and in the Factual Resume.  Clearly, Stone cannot establish that his counsel's performance during the plea proceedings was deficient, and that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.

With respect to the decision to plead guilty, Stone asserts he provided counsel with ample evidence to prepare a defense to the charges, including various fact and expert witnesses, and

9

that counsel failed to use the evidence to prepare a defense. According to Stone, "reasonable counsel would have used this evidence in defense of Movant in lieu of convincing Movant to plead guilty." (§ 2255 Mot. at 31.) This assertion is conclusory at best. In light of Stone's admissions, counsel had no reason to use the purported evidence to formulate any defense to the charges.

With regard to the plea, Movant asserts counsel rendered ineffective assistance when he failed to object to the subject matter jurisdiction of the court. (*See* § 2255 Mot. at 31.) This ground is patently frivolous. For the reasons set out above, counsel had no non-frivolous basis to challenge the subject matter jurisdiction of the trial court. Defense counsel is not deficient in failing to raise a meritless objection. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (quoting *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness....").

Likewise counsel had no basis to object to the forfeiture provision. (*See* § 2255 Mot. at 31.) During re-arraignment, Stone agreed that the yacht and the property located at 854 Fathom Court, North Palm Beach, Florida, were subject to forfeiture under the plea agreement. (Rearraignment Tr., p. 13; Plea Agreement ¶ 7.) Stone also testified that he understood the waiver provision of the plea agreement. (Rearraignment Tr., p. 14-15.) Thus, his claim that counsel failed to explain adequately the waiver provision lacks any merit. (*See* § 2255 Mot at 31.)

Stone also asserts that counsel "signed off on the extensive PSR objections that contradicted the legal and factual basis for the plea." (*See* § 2255 Mot. at ___). This claim is conclusory at best and, as such, fails on its face to present a cognizable claim of ineffective

10

assistance of counsel.  *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)); *United States v. Jones*, 614 F.2d 80, 81 (5th Cir. 1980) (conclusory statements regarding government conspiracy were insufficient to state a constitutional claim in a § 2255 proceeding); *United States v. Daniels*, 12 F.Supp.2d 568, 575 (N.D. Tex. 1998) (citing *Ross*) (conclusory allegations cannot serve as the basis for a claim of ineffective assistance of counsel).

    In summary, Movant's ineffective assistance of counsel claims entitle him to no relief in this action.

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 be DENIED.

Signed this 6th day of May, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.